(No. 5011 ▇▇▇▇▇▇▇▇▇▇▇)

MELVIN E. BRYANT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 25, 1965.*

WOLSLEGEL AND ARMSTRONG, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; EDWARD G. FINNEGAN, Assistant Attorney General, for Respondent.

DOVE, J.

Claimant, Melvin E. Bryant, seeks recovery for loss of wages for the period of February 20, 1961 to June 30, 1961 during his suspension and discharge from duties as Assistant Warden at the Industrial School for Boys, Sheridan, Illinois.

From the record it appears that claimant was certified and appointed to his present position as Assistant Warden on August 22, 1951. On February 20, 1961, written charges seeking a thirty day disciplinary suspension pending discharge were served on claimant, and, on March 1, 1961, notice of grievance concerning the disciplinary suspension pending discharge was filed with the Chairman of the Illinois Youth Commission. Written charges seeking the discharge of claimant, effective as of March 20, 1961, were

served on claimant on March 19, 1961. Thereafter, claimant appealed by written notice to the Illinois Civil Service Commission, and requested a hearing. On April 25, 1961, a hearing was held before John Morrow, Hearings Referee, and, on October 9, 1961, his decision retaining claimant in his position as Assistant Warden at the Illinois Industrial School for Boys, Sheridan, Illinois, was handed down. The decision further found that claimant was entitled to full compensation. Subsequently, the Civil Service Commission of Illinois unanimously concurred in said decision.

Thereafter, claimant requested the Director of the Department of Personnel of the State of Illinois to review the thirty day disciplinary suspension in accordance with Rule 25 of the Department of Personnel. The Director, by letter, stated that the Department would be bound by the ruling of the Civil Service Commission as to the thirty day disciplinary suspension, insofar as the accrual of pay and other benefits were concerned. The Director of the Department of Personnel further recommended to the Chairman of the Illinois Youth Commission on November 7, 1961 that claimant be paid his regular salary at the rate of $785.00 per month from February 20, 1961 to March 20, 1961, the period of the disciplinary suspension.

Dr. Arthur E. Wright, Superintendent of the Illinois Industrial School for Boys at Sheridan, Illinois, testified that claimant's position was filled by a Mr. Shockley after March 15, 1961. Mr. Shockley was Acting Assistant Warden from February 21, 1961 to March 15, 1961, and received $685.00 per month after his appointment on March 16, 1961. Dr. Wright further testified that both claimant and Mr. Shockley were paid a salary for the period from July 1, 1961 to October 21, 1961, and that claimant would have been paid his salary from February 20, 1961 to June 30, 1961, if the appropriation had not lapsed.

Claimant testified that he applied for employment elsewhere on a number of occasions, but was unable to obtain a position; that he was not employed, and earned no money during the time he was suspended and discharged; and, that he received no salary for the period of February 20, 1961 to June 30, 1961, but had been paid $2,624.64, his salary from July 1, 1961 to October 31, 1961.

This Court has long held that, where a Civil Service employee is illegally prevented from performing his duties, and is subsequently reinstated to his position by a Court of competent jurisdiction, he is entitled to the salary attached to said office for the period of his illegal removal, but that he must do all in his power to mitigate damages. *Snyder* vs. *State of Illinois,* 22 C.C.R. 453; *Poynter* vs. *State of Illinois,* 21 C.C.R. 393; *Smith* vs. *State of Illinois,* 20 C.C.R. 202; *Cordes* vs. *State of Illinois,* 24 C.C.R. 491.

There is no evidence of failure to mitigate damages for the period involved in the instant case.

Claimant is hereby awarded the sum of $3,336.25.